Argued September 10, affirmed October 29, 1979

STATE ex rel HAAS,
*Respondent,*
*v.*
DIONNE, et al,
*Appellants.*

(No. A 7809-14713, CA 13219)

601 P2d 894

Steven V. Johnson, Portland, argued the cause and filed the brief for appellants.

Frederick Lenzser, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Harl H. Haas, District Attorney, Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is an appeal from an order abating a civil nuisance pursuant to ORS 465.110 through 465.180. Defendants raise seven constitutional challenges to the statutory abatement scheme and one assignment challenging the sufficiency of the evidence to support one of the trial court's findings. All but numbers six and seven of defendants' assignments of error are disposed of by our decision in *State ex rel Haas v. Club Recreation,* 41 Or App 557, 599 P2d 1194 (1979).

The defendants are the owners of the premises in issue, together with the business enterprise conducted at that location known as the "Bunny Haven Studio." Ostensibly the business consisted of patrons paying a fee for nude dancing sessions with female dancers provided by the establishment. The dancing took place in private rooms which were furnished with wall-to-wall carpeting, a bed or couch and a vanity. Patrons were also permitted the use of showers and a sauna.

The state brought suit to have the premises declared a nuisance, and to have it permanently enjoined. ORS 465.110. A temporary injunction was issued. ORS 465.130. At the hearing on the permanent injunction the state presented evidence, by way of testimony of three undercover county sheriff deputies, which we see no need to detail here. The evidence indicated that there were several instances of unlawful sexual contact for a fee involving the undercover officers and the nude dancers. The trial judge found the Bunny Haven was a place kept, conducted and maintained by the defendants for the purposes of lewdness, assignation and prostitution. The trial court granted the permanent injunction.

In their sixth assignment of error defendants argue that the Civil Nuisance Abatement Statute unconstitutionally authorizes a prior restraint of expression because it allows for the closure of the subject real property for any purpose for a period of one year. ORS 465.150(c). There are at least two problems with this

argument. The first is that defendants have no standing to challenge the constitutionality of this provision since the court returned the premises to defendants so long as they did not violate its order.[1] Second, before the prior restraint doctrine comes into play there must be a showing that what is being restrained is protected under the First Amendment. *Cf., Near v. Minnesota,* 283 US 697, 51 S Ct 625, 75 L Ed 1357 (1931). Defendants apparently contend that nude dancing is a form of protected expression. The decree enjoined defendants from using the premises for lewdness, assignation and prostitution. There is no contention that the activities prohibited by the injunction are protected modes of expression. The state has a valid interest in prohibiting illegal use of property, and abatement procedure of ORS 465.110 to 465.990 is a legitimate means of doing so. *See State ex rel Haas v. Club Recreation, supra.*

In their seventh assignment, defendants contend that the statute is void for failing to require a finding of irreparable harm prior to issuance of the preliminary injunction, ORS 465.130, or decree of abatement, ORS 465.110. They cite no authority for that proposition and we have found none. A separate showing of irreparable harm is not a requirement in this special statutory injunction proceeding.

Affirmed.

JOSEPH, P.J., specially concurring.

In *State ex rel Haas v. Club Recreation,* 41 Or App 557, 599 P2d 1194 (1979), a department of this court

---

[1] The decree provides in part:

"* * * * *

"2. That defendants Philip Dionne and Marjorie L. Dionne, be and hereby are permanently enjoined and restrained from conducting, maintaining, using or occupying, or in any way knowingly permitting the use or occupancy of said premises or any other premises in Multnomah County for lewdness, assignation and prostitution;

"* * * * *

"4. That the premises be returned to the defendants upon the condition that it not be used in violation of this Order and Decree * * *."

exercised its legislative power to rewrite ORS 465.110 so that the sort of activity charged there (and here) could be enjoined. I would have dissented there, but I have to concur here because of that bad case.