*In re* ALBERT.

1. CONTEMPT—COURTS—ATTORNEY AND CLIENT—APPEAL AND ERROR.

The Court of Appeals is a court of record and has statutory power to control the conduct of attorneys before it, to punish them by fine or imprisonment for contempt for any wilful neglect or violation of duty and for disobedience of any lawful order of that Court; thus, the conduct of an attorney was properly held to be contemptuous where the attorney failed on three occasions to take timely action when so ordered by that Court, as the orders appear reasonable and valid and the attorney was accorded every opportunity to obey them or explain his failure to do so (MCLA §§ 600.1701, 600.1711).

2. CONTEMPT — COURTS — JUDICIAL NOTICE — EVIDENCE — SHOW-CAUSE ORDER — ATTORNEY AND CLIENT.

A court's judicial notice of its own records is a wholly satisfactory method of establishing the failure to file pleadings in that court or the fact of such filing within a particular period; thus, where this is the gravamen of contempt procedure, such proceedings do not need to include a show-cause order based on an affidavit supporting the charged facts.

3. COURTS—DISQUALIFICATION—ATTORNEY AND CLIENT.

A court has an interest in its relationships with attorneys practicing before it which does not disqualify it from assaying their conduct in such practice but obliges it to scrutinize such conduct of attorneys as officers of that court in sharing the awesome responsibility of effectively administering justice.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 17 Am Jur 2d, Contempt § 25.
[2] 17 Am Jur 2d, Contempt § 96.

Appeal from Court of Appeals, Division 2, Quinn, P. J., and Fitzgerald and Danhof, JJ., adjudging Theodore G. Albert guilty of contempt of the Court of Appeals. Submitted June 3, 1970. (Calendar No. 7, Docket Nos. 52,580–52,582.) Decided August 19, 1970.

Theodore G. Albert was adjudged guilty of contempt by the Court of Appeals. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for the Court of Appeals.

*Theodore G. Albert, in propria persona.*

PER CURIAM. The respondent was adjudged guilty of contempt by the Court of Appeals for his failure on three occasions to take timely action when so ordered by that Court.

On appeal respondent questions the jurisdiction of the Court to initiate contempt proceedings, the procedure for establishing the contempt and the validity of the orders upon which the contempt is based.

The Michigan Constitution 1963, art 6, § 10 provides that "The jurisdiction of the Court of Appeals shall be provided by law."[1] The jurisdiction of that Court to control the conduct of those attorneys before it was explicitly legislated into MCLA § 600-.1701 (Stat Ann 1962 Rev § 27A.1701):

"[C]ourts of record, have power to punish by fine or imprisonment, or both, persons guilty of any

---

[1] The contempt power has been held to be inherent in the Supreme Court and circuit courts. The question of the inherent powers of the Court of Appeals, if any, are not ruled on in this opinion. See *In re Huff* (1958), 352 Mich 402, and cases cited therein.

neglect or violation of duty or misconduct in the following cases:

"(3) All attorneys, counselors,  \*  \*  \*  for any wilful neglect or violation of duty, for disobedience of  \*  \*  \*  any lawful order of the court  \*  \*  \*  ."

MCLA § 600.1711 (Stat Ann 1962 Rev § 27A.1711) provides in part:

"(2) When any contempt is committed other than in the view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit *or other method* and opportunity has been given to defend." (Emphasis supplied.)

The Court of Appeals is a court of record[2] and if the order requiring affirmative action by the attorney is a valid order in a particular case, the attorney's neglect or refusal to obey it is contempt of that Court. The statute grants the Court of Appeals jurisdiction to make that determination and punish such actions by appropriate procedure.

In each instance, the Court of Appeal's orders appear reasonable and valid and the respondent was accorded every opportunity to obey them or explain his failure to do so.

We are satisfied that his conduct under all the circumstances was properly held to be contemptuous.

Respondent's assertion that a contempt procedure must include a show-cause order based on an affidavit supporting the charged facts is not correct. A court's judicial notice of its own records is a wholly satisfactory "other method" of establishing the failure or the fact of filing in a particular period —the gravamen of the charge here.

Equally untenable is the respondent's assertion that the Court could not institute these proceedings

---

[2] Const 1963, art 6, § 19.

on its own motion without becoming so personally interested as to be disqualified. The interest a court has in its relationship with the attorneys practicing before it not only does not disqualify it from assaying their conduct in such practice, but on the contrary obliges the court to scrutinize the conduct of attorneys as officers of that court in sharing the awesome responsibility of effectively administering justice.

We are confident the method adopted by the Court of Appeals in meeting its obligation in this regard will prove effective.

It is not inappropriate.

Affirmed.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

BLACK, J., did not sit in this case.