*In re* HUDNUT

LAZAROS v ESTATE OF LAZAROS

1. CONTEMPT—FAILURE TO APPEAR—OUTSIDE PRESENCE OF COURT.

Failure of an attorney to appear in court on a hearing date is contempt committed outside the presence of the court.

2. CONTEMPT—OUTSIDE PRESENCE OF COURT—PROOF—JUDICIAL NOTICE —STATUTES.

A trial court may satisfy the statutory requirement of proof of the facts charged in a contempt proceeding, where the contempt is committed outside the presence of the court, by taking judicial notice of its own records (MCLA 600.1711[2]).

3. CONTEMPT—FAILURE TO APPEAR—OPPORTUNITY TO DEFEND—EXCUSE.

An attorney was properly found to be in contempt of court for a failure to appear where he appeared to answer an order to show cause why he should not be ordered to submit his final account in an estate in probate, the matter of his earlier failure to appear was taken up in open court, the attorney was given the opportunity to explain his failure to appear at the earlier hearing, and his excuse did not satisfy the trial judge nor the Court of Appeals.

Appeal from Monroe, James Kelley, J. Submitted Division 2 December 2, 1974, at Lansing. (Docket No. 17388.) Decided January 6, 1975. Leave to appeal applied for.

James L. Hudnut was convicted of contempt of court in the probate court. He appealed to the circuit court, which affirmed. Defendant appeals by leave granted. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 17 Am Jur 2d, Contempt §§ 6, 25.
[2] 17 Am Jur 2d, Contempt § 96.
[3] 17 Am Jur 2d, Contempt § 71.

Frank J. Kelley, Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Rostash,* Prosecuting Attorney, for the people.

James H. Hudnut, in propria persona.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

R. B. BURNS, J. Defendant James H. Hudnut was appointed special administrator of the estate of Gust Lazaros. He failed to file his final account and on September 24, 1969, the probate judge issued an order to show cause why the defendant should not be ordered to submit his final account. The hearing was set for October 14, 1969. The defendant was personally served with a copy of the order.

Defendant did not appear at the hearing and the judge issued a bench warrant for the defendant's arrest. The bench warrant was never executed.

Two other orders to show cause were issued but never served. Finally an amended order was issued and served on the defendant by mail. The defendant appeared at the hearing and the judge found him in contempt of court.

Defendant appeals and claims that the judge did not have jurisdiction to hold him in contempt of court. His argument is that an attorney's failure to appear in court, when ordered by a judge, is contempt committed "outside" the court's presence. Consequently, an affidavit must be executed by the judge setting forth the acts committed by the defendant which constitute contempt, which in turn must be served upon the defendant to properly institute proceedings.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

There is no doubt that an attorney's failure to appear in court on a hearing date is contempt committed outside the presence of the court. *In re Henry,* 25 Mich App 45; 181 NW2d 64 (1970).

MCLA 600.1711(2); MSA 27A.1711(2) reads as follows:

"When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit *or other method* and opportunity has been given to defend." (Emphasis supplied.)

The Supreme Court held in *In re Albert,* 383 Mich 722; 179 NW2d 20 (1970) that a trial court could take judicial notice of its own records and such a use would satisfy the "other method".

In *Matter of Lewis,* 24 Mich App 265; 180 NW2d 384 (1970), the court did not use an affidavit but the defendant voluntarily appeared and was given a chance to defend. Such action was sufficient to uphold the contempt conviction.

In the present case the defendant finally appeared to answer the amended order to show cause. The matter of contempt was taken up in open court and the defendant was given the opportunity to explain his failure to appear when so ordered. His excuse did not satisfy the trial judge, nor does it satisfy this Court.

Affirmed.

All concurred.