47th & STATE CURRENCY EXCHANGE, INC., Plaintiff-Appellee and Appellant, *v.* B. COLEMAN CORPORATION, Defendant-Appellant and Appellee.

First District (2nd Division)   Nos. 76-204, 76-761 cons.

Opinion filed December 13, 1977.—Rehearing denied January 9, 1978.

William Henning Rubin, of Chicago, for appellant B. Coleman Corporation.

Thomas P. Sullivan, Jeffrey D. Colman, and Terry Rose Saunders, all of Chicago (Jenner & Block, of counsel), for appellee 47th & State Currency Exchange, Inc.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

These consolidated appeals result from a proceeding under section 29 of "An Act in relation to * * * community currency exchanges * * *" (Ill. Rev. Stat. 1973, ch. 16½, par. 56.2) for temporary and permanent injunctive relief against defendant's operation of an unlicensed currency exchange. Defendant, in No. 76-204, appeals from numerous orders entered by the trial court. Because of the nature of our disposition of this appeal, neither the facts nor the orders appealed from need be set forth in detail. In No. 76-761, plaintiff appeals from an order of the trial court denying plaintiff's motion to recover reasonable expenses and attorneys fees under section 41 of the Civil Practice Act ("Untrue statements") (Ill. Rev. Stat. 1973, ch. 110, par. 41), incurred during contempt proceedings against defendant.

Plaintiff's complaint under section 29 of "An Act in relation to * * * community currency exchange* * *" sought temporary and permanent injunctions against defendant's operation of an unlicensed community currency exchange. The complaint alleged that defendant was engaging in a number of acts which may, under the Act, be performed only by licensed currency exchanges, and that defendant was violating section 8 of the Act (Ill. Rev. Stat. 1973, ch. 16½, par. 38) by unlawfully integrating the conduct of a currency exchange and a real estate business at the same location.

Pursuant to the complaint, the trial court entered an *ex parte* temporary restraining order on October 24, 1974. On October 29, 1974, the *ex parte* injunction was dissolved and replaced by a preliminary injunction prohibiting defendant from engaging in certain specified courses of conduct. On October 30, 1974, defendant appealed that injunction order to this court.

On November 6, 1974, defendant moved to strike and dismiss the complaint under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 45). Upon being advised that the Illinois Supreme Court had granted defendant's motion for a direct appeal from the injunction order, the court continued the matter pending outcome of the appeal.

The appeal referred to was defendant's appeal from the October 29, 1974, injunction. This court granted defendant's motion for a stay on November 7, 1974. On direct appeal to the Illinois Supreme Court, the stay order was reversed and the injunction affirmed. Supreme Court No. 47197, order dated January 29, 1975.

On April 17, 1975, plaintiff filed a petition for a rule to show cause why the defendant should not be held in contempt of court for violation of the October 29, 1974, injunction. The petition alleged that defendant continued to engage in the prohibited activities despite the supreme court's ruling.

The trial court entered a rule to show cause, giving defendant 15 days to respond. Numerous extensions were granted, and defendant's answer to the rule to show cause was not filed until June 5, 1975. In the interim, defendant filed a motion in the supreme court requesting recall and modification of its mandate, contending that a portion of the language contained in the supreme court's mandate was not part of the original order of the court, but was added by Clell L. Woods, Clerk of the Supreme Court. By order dated May 14, 1975, the supreme court denied the motion to recall and modify its mandate.

Defendant then filed an appeal to the United States Supreme Court pursuant to 28 U.S.C. §1257 (1970). The trial court suspended further proceedings on the merits of the case pending outcome of that appeal, but proceeded on the rule to show cause.

On January 16, 1976, plaintiff filed a motion to expand the rule to show cause, based on allegations that defendant had consistently ignored the injunction order of October 29, 1974, and had, in further violation of the October 29, 1974, injunction, entered into an agreement with the Chicago Housing Authority to cash checks for the residents of a CHA housing project.

Following a hearing on the rule to show cause, the trial court found defendant in contempt of court. The court made detailed findings of fact. All of these were adverse to defendant. Defendant was ordered to pay a fine of $5,000.

On March 11, 1976, plaintiff filed a motion under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41) to recover expenses and attorneys fees incurred during the contempt proceeding. Defendant answered this motion by alleging that its notice of appeal having been filed previous to the motion, the trial court was without jurisdiction to entertain the motion. No hearing was held. The trial court denied plaintiff's motion "on the ground that section 41 does not provide for the recovery of reasonable attorneys fees in contempt proceedings."

The record further reflects that defendant refused to pay the fine imposed, and that another petition for a rule to show cause had been filed.

## I.
### 76-204

■■ The brief submitted by the defendant in this appeal fails to articulate an organized and cohesive legal argument for this court's

consideration. Furthermore, defendant's brief fails to comply with the rules established by our supreme court for appellate briefs in Supreme Court Rule 341 (Ill. Rev. Stat. 1975, ch. 110A, par. 341). For these reasons the appeal must be dismissed.

Rule 341(e) sets forth a basic outline for an appellant's brief. Defendant's brief meets few of these criteria. It begins with a section entitled, "Statement of the Case," which sets forth the particular orders of the trial court appealed from and loosely relates defendant's view of the "facts" of the case. There is no introductory paragraph of the type contemplated by subparagraph (1) of Rule 341(e). A liberal interpretation of the section entitled "Issues Presented For Review" would suggest compliance with subparagraph (2) of the rule. Subparagraphs (4), (5), and (7) are not complied with. The statement of facts (subparagraph (6)) is replete with argument and commentary, and lacks any citations to the record.

In its brief, defendant has reproduced five pages of the trial transcript which it contends "confirms" that plaintiff is guilty of entrapment. There is no discussion of the applicability of entrapment as a defense to a citation for contempt of court or of what possible relation entrapment has to the facts of this case. There is demonstrated no relationship between the issues discussed and the orders appealed from. There is no analysis of the issues. Throughout the course of its brief, defendant cites only two cases and fails to present the slightest analysis of those cases or to show how they are remotely related to the case at bar.

■■ Rule 341(e) is not an arbitrary exercise of the supreme court's supervisory powers. Its purpose is to require parties to proceedings before a reviewing court to present clear and orderly arguments for that court's consideration.

Briefs are for the benefit of the reviewing court. They should be prepared in accordance with the applicable supreme court rule. They should follow the sequence set forth in the rule to the end a reviewing court may properly ascertain and dispose of the issues involved. 2 Ill. L. & Prac. *Appeal & Error* §553 (1953); *Quinn v. Larson* (2d Dist. 1966), 77 Ill. App. 2d 240, 245, 222 N.E.2d 239.

■■■ The brief filed by the defendant in this case fails to accomplish this purpose. It is not the duty of this court to search the record to determine what the real issues are, nor to seek material for the disposition of such issues. The failure to properly or informatively state the errors relied upon for reversal makes it impossible for a reviewing court to determine the issues sought to be raised and justifies dismissal of the appeal. As our supreme court said in *Biggs v. Spader* (1951), 411 Ill. 42, 45, 103 N.E.2d 104, "* * *when there is a failure to comply with them [the rules], the appeal will not be entertained. To do so would nullify the rule."

(See also *In re Estate of Kunz* (5th Dist. 1972), 7 Ill. App. 3d 760, 288 N.E.2d 520.) For these reasons, the appeal in case No. 76-204 is dismissed.

## II.
### 76-761

Plaintiff has appealed from the trial court's ruling, entered without a hearing, denying its motion for attorneys fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41).[1] The trial court denied plaintiff's motion on the basis that "section 41 does not provide for the recovery of reasonable attorneys fees in contempt cases." Because we conclude that plaintiff's right, if any, to recover attorneys fees is not dependent on section 41 of the Civil Practice Act, we reverse and remand No. 76-761.

■■ Contempt proceedings possess characteristics of both the civil and criminal law. Yet contempt proceedings are neither civil nor criminal. They are described as *sui generis*. Proceedings in the nature of "civil" contempts are defined as those prosecuted to enforce the rights of private parties and to compel obedience to orders or decrees for the benefit of opposing parties. (See *People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 409, 173 N.E.2d 417.) Proceedings in the nature of criminal contempt are defined as those directed to the preservation of the dignity and authority of the court (*Barasch*, 21 Ill. 2d 407, 409), or a judge acting judicially (*People ex rel. Kazubowski v. Ray* (1971), 48 Ill. 2d 413, 416, 272 N.E.2d 225).

The power of a court to punish for contempt does not depend on constitutional or legislative grant, but is inherent in all courts as essential to proper and effective functioning of the courts and to the administration of justice. It is an essential auxiliary to the administration of the law. (*People v. Bloom* (1966), 35 Ill. 2d 255, 220 N.E.2d 475, *cert. granted* (1967), 386 U.S. 1003, 18 L. Ed. 2d 431, 87 S. Ct. 1346, *rev'd on other grounds* (1968), 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477; *People v. Javaras* (1972), 51 Ill. 2d 296, 299, 281 N.E.2d 670; *Stevens v. County of Lake* (2d Dist. 1974), 24 Ill. App. 3d 51, 59, 320 N.E.2d 263.) In *Bloom,* the court quoted from *United States v. Hudson* (1812), 11 U.S. (7 Cranch) 32, 3 L. Ed. 259, that:

---

[1] At the time plaintiff's motion was filed, section 41 provided:

"§41. Untrue Statements. Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at trial."

Section 41 was amended by P.A. 79-1434, §8, effective September 19, 1976. The amendment eliminated the requirement that the moving party show that the untrue statements were not made "in good faith." Ill. Ann. Stat., ch. 110, par. 41 (Smith-Hurd Supp. 1977).

" 'Certain implied powers must necessarily result to our Courts of justice from the nature of their institution.* * * To fine for contempt—imprison for contumacy—inforce the observance of order, *etc.*, are powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others; and so far our Courts no doubt possess powers not immediately derived from statute; * * *.' " (35 Ill. 2d 255, 258.)

Thus, the power of the courts of this state and the penalties to be imposed in a contempt proceeding, are neither created nor limited by act of the legislature.[2]

It has been stated that the procedure in cases of civil contempt generally follow the rules applicable to civil proceedings, while the procedure in cases of criminal contempt generally follow the rules applicable to criminal proceedings. (*Daniel Boone Woolen Mills v. Laedeke* (2d Dist. 1925), 238 Ill. App. 92, 97.) Because the power of the court to punish for contempt is inherent, the courts are not strictly bound by the provisions of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110), or by the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, pars. 100—1 through 126—1), and may exercise discretion in fashioning appropriate remedies to a party's contumacious behavior. Thus, the right of the plaintiff, if any, to recover attorneys fees in the case at bar is not dependent on section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41), or on any other statutory enactment.

■■ In *Eberle v. Greene* (3d Dist. 1966), 71 Ill. App. 2d 85, 93, 217 N.E.2d 6, it was stated that "[t]he established rule in Illinois is that the court may imprison or fine for contempt of its orders but is without authority to recompense [a] Plaintiff for his damages." The court in *Eberle* relied on *Rothschild & Co. v. Steger & Sons Piano Manufacturing Co.* (1912), 256 Ill. 196, 99 N.E. 920, which dealt with the issue of whether a contemnor could be incarcerated for an act of civil contempt. At pages 200-201 of the *Rothschild* opinion, the court stated:

"Fine and imprisonment in the county jail for a definite term,—either one or both, in the discretion of the court,—have uniformly been recognized as a proper judgment for the violation of a prohibitory injunction of a civil nature, as well as a proper means of punishment in a criminal contempt instituted to vindicate the authority of the court."

And, at page 205, the court stated:

"It has always been the *practice* in this State to impose a fine or a

---

[2] Procedural aspects of contempt proceedings *are* limited by the Federal Constitution. For example, in *Bloom v. Illinois* (1968), 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477, the court held that a charge of "serious" criminal contempt is so like a prosecution for a violation of a criminal law that a defendant is entitled to a jury trial. 391 U.S. 194, 211, 20 L. Ed. 2d 522, 534, 88 S. Ct. 1477.

jail sentence for the violation of a civil or remedial injunction."
(Emphasis added.)

We do not read *Rothschild* as saying that imprisonment and/or fine are the *exclusive* remedies for contempt.

An appropriate remedy, in cases of both civil and criminal contempt[3] may well be to require the contumacious party to bear the reasonable costs, as well as attorneys fees, of the contempt proceeding. The private litigant who brings the fact of an indirect contempt, civil or criminal in nature, before the court, performs a valuable service to the court. Although there may be some incidental benefit to the moving party (see *Eberle*, 71 Ill. App. 2d 85, 93), it would be inequitable not to require the contumacious party to pay such costs.[4] By its action, the plaintiff in a contempt proceeding assists the court in enforcing its decrees against those who choose to ignore the orders of the court.

We express no opinion with respect to whether the defendant's conduct was flagrant, intentional without justification, or wilful. Likewise, we express no opinion as to the amount of fees, if any, the plaintiff may be, after a hearing, entitled to. Those issues must be determined in the first instance by the trial court.

Accordingly, the trial court's order in No. 76-761 is reversed and remanded for proceedings consistent with this opinion.

No. 76-204 dismissed.
No. 76-761 reversed and remanded.

STAMOS and PUSATERI, JJ., concur.

---

[3] In Illinois, even an indirect criminal contempt proceeding may be prosecuted by an *amicus curiae* or by a private litigant, as well as by the People. See *People v. Marcisz* (3d Dist. 1975), 32 Ill. App. 3d 467, 473, 334 N.E.2d 737.

[4] See Annotations at 55 A.L.R. 2d 979 (1957) and 43 A.L.R. 3d 793 (1972).