698 N.W.2d 339 (2005)
472 Mich. 935
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Gerald SMITH, Jr., Defendant-Appellant.
Docket No. 127250. COA No. 246931.
Supreme Court of Michigan.
June 24, 2005.
On order of the Court, the application for leave to appeal the August 24, 2004 judgment of the Court of Appeals is considered, and it is DENIED. Despite discovery violations, we are not convinced that a reasonable probability of a different result would exist had there been compliance with the discovery order. See People v. Fink, 456 Mich. 449, 574 N.W.2d 28 (1998).
MARILYN J. KELLY, J., concurs and states as follows:
I agree with the decision to deny defendant's application for leave to appeal. I write separately to express my concern over the failure of the prosecution and the police to comply with the trial court's orders regarding discovery and production of evidence.
Before trial, the court issued a discovery order requiring the prosecution to provide information in its possession to defense counsel. See MCR 6.201. However, the prosecution failed to produce a copy of a statement of one of the identifying witnesses, a pair of shorts worn by one of the victims, records of a photographic lineup, photographs of bullet damage to a vehicle, and records of repairs to the vehicle.
Defense counsel also obtained an order requiring defendant to participate in a lineup before three witnesses. The court entered the order relying on People v. Anderson,[1] which held that a corporeal lineup is required if a defendant's identity is in issue. However, only two identifying witnesses attended the lineups. Initially they were shown photographs, then given the opportunity to identify defendant at a corporeal lineup in which he wore the same clothing he had worn in the photograph. Defense counsel argued that the failure to initially conduct a corporeal lineup was another violation of the court order. Moreover, it tainted the witnesses' identification of defendant by allowing them to see him repeatedly.
Because of the failures by the police and various prosecutors to comply with the discovery order, the court ordered the prosecutor at trial not to introduce evidence of the shorts. Nonetheless, the prosecutor asked the victim how close the shots had been to him and what they had struck on him. In response to defense counsel's objection, the court warned the prosecutor not to continue attempting to circumvent her orders by eliciting testimony about the shorts.
Additionally, the prosecutor introduced other evidence that had not been provided to defense counsel. In response to defense counsel's objections, the court reduced three of the charges against defendant to one count of assault with intent to do great bodily harm less than murder and two counts of felonious assault.
Prosecutors are officers of the court. MCR 9.103(A). They are obligated to make reasonably diligent efforts to comply with court orders. MRPC 3.4(d); MCR 9.104(A)(4); In re Albert, 383 Mich. 722, 724, 179 N.W.2d 20 (1970). If the prosecutors *340 were unable to comply with any of the orders in this case, they should have moved to amend or vacate them.
It is critical in an adversarial justice system that each party has a fair opportunity to present its case. To enable this, a court's orders regarding discovery must be complied with. MCR 6.201. The police and prosecutor's failure to comply with lawful court orders can jeopardize a defendant's ability to present a valid defense and can cause the conviction of an innocent person.
If the evidence against defendant in this case were not strong, I would vote to remand for retrial pursuant to People v. Fink, 456 Mich. 449, 574 N.W.2d 28 (1998). But, even had defense counsel obtained all the information and evidence as ordered before trial, there is not a reasonable probability of a different result on retrial. I agree that leave to appeal should be denied.
NOTES
[1] 389 Mich. 155, 205 N.W.2d 461 (1973).