Jose U. **HERNANDEZ** and Esperanza **Hernandez, Appellants**

v.

**JLG INDUSTRIES, INC., Appellee.**

No. 04–94–00705–CV.

Court of Appeals of Texas, San Antonio.

Aug. 30, 1995.

---

Jerry V. Hernandez, Kugle, Byrne & Alworth, San Antonio, for appellants.

R. Sean Page, Thornton, Summers, Biechlin, Dunham & Brown, Inc., San Antonio, and Kyle M. Rowley, Holloway & Rowley, P.C., Houston, for appellee.

Before LOPEZ, STONE and GREEN, JJ.

OPINION

STONE, Justice.

The statement of facts in this case has not been filed. On April 25, 1995, appellants filed a third motion for extension of time to file the court reporter's affidavit in support of a motion for extension of time to file the statement of facts. Appellants stated that Ronnie Reeves, the court reporter who is responsible for the statement of facts, is apparently incapacitated and incompetent to transcribe the statement of facts. Appellants also filed a motion to remand for new trial or to compel production of the statement of facts. On May 5, 1995, appellee filed a response objecting to the requested remand for new trial but affirmatively stating no objection to granting an extension of time to obtain the statement of facts.

On May 12, 1995, this court granted appellant's motion for extension of time and ordered that the court reporter's affidavit be filed no later than September 5, 1995. In a separate order on that same date, the court held the motion to remand for new trial in abeyance until September 5, 1995.

On June 2, 1995, this court withdrew its prior order granting an extension of time until September 5, 1995, to file the court reporter's affidavit and holding in abeyance appellants' motion to remand for new trial or to compel production of the statement of facts. We ordered this appeal abated and the cause remanded to the trial court for a hearing and appropriate action to ensure the transcription and filing of the statement of facts in this appeal within a reasonable period of time.

We have now received from the trial court a statement of facts from hearings held below on June 8, 1995, and June 12, 1995, as well as copies of (1) an order dated June 6, 1995 ordering that Mr. Reeves appear before the trial court instanter and produce a certified copy of the statement of facts in this appeal; (2) an order to produce or show cause dated June 8, 1995, ordering Mr. Reeves to appear before the trial court on June 29, 1995 to produce a certified copy of the statement of facts in this case and further ordering that Mr. Reeves appear in the trial court every business day beginning June 12, 1995, from 8:00 a.m. to 5:00 p.m. to work on completion of the statement of facts in this appeal; (3) a writ of attachment dated June 12, 1995, commanding the arrest of Mr. Reeves to answer a charge of contempt for failing to appear in the trial court to begin preparation of the statement of facts in this appeal; (4) an order of contempt dated June 12, 1995, holding Mr. Reeves in criminal contempt for failing to appear in the trial court to begin preparation of the statement of facts and in civil contempt for failing to produce a certified copy of the statement of facts; and (5) an order of commitment ordering Mr. Reeves placed in the work release program and that he be released to work in the offices of the trial court between the hours of 8:00 a.m. and 6:00 p.m. each business day until he has purged himself of contempt by producing

a certified copy of the statement of facts in this appeal.

On July 11, 1995, appellants filed a motion to remand for new trial, specifically incorporating by reference their previously-filed motion to remand for new trial and alternative motion to compel production of the statement of facts. Appellants urge that it does not appear that Mr. Reeves will be able to complete and certify a statement of facts in this case within a reasonable time. Appellee has responded, contending that Mr. Reeves is at work preparing the statement of facts and should be finished soon.

This court has been in contact with Mr. Peter Koelling, Bexar County Civil District Court Administrator, who has informed us that Mr. Reeves failed to produce a certified statement of facts by June 29, 1995, as previously ordered, and that it does not appear that Mr. Reeves will be able to complete the statement of facts in this case in any timely fashion, if at all. It is apparent to this court that further delay is not likely to result in the filing of a certified statement of facts in this case and will not be of benefit to the parties or otherwise serve the interests of justice. "It now appears that the condition of infirmity of the reporter inhibits the ability of appellants to obtain the complete statement of facts requested as necessary to their appeal, at least within a reasonable time." *Parrish v. Johnson*, 599 S.W.2d 361, 362 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.); *O'Neal v. County of San Saba*, 594 S.W.2d 185, 186 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

Mr. Reeves' debilitating disease has rendered the statement of facts, for all intents and purposes, lost, through no fault of the appellant. *See* TEX.R.APP.P. 50(e). We note that while another court reporter might be able to transcribe Mr. Reeves' notes, that court reporter would not be able to certify to the accuracy of the resulting statement of facts. Further, given the nature of Mr. Reeves' illness and the pervasive effect it has had on his ability to perform his duties as court reporter, we could not accept an uncertified statement of facts unless the parties are willing to stipulate to its accuracy.

We therefore reinstate this appeal on the docket of this court. The judgment is reversed and the cause is remanded to the trial court for a new trial.