On findings of fact and recommendation filed September 14, judgment of contempt entered; fine imposed October 8, 1979

In The Matter of
JULIE WILSON,
*Court Reporter.*
(CA 14935)
601 P2d 133

David K. Young, Special Master.

SCHWAB, C. J.

## SCHWAB, C. J.

This is a proceeding against Julie Wilson, a *pro tem* court reporter, for contempt of the Court of Appeals.

Wilson was one of the court reporters in *Credit Service Company v. Longford-Hamilton Corporation,* Multnomah County No. A76-06-08047, CA No. 12030; and in *State v. Jacob Forrest,* Multnomah County No. C78-07-11756, CA No. 12587. *Credit Service* is a defendant's appeal in a civil case from a judgment entered against it for more than $34,000, plus interest; *Forrest* is a defendant's appeal from a felony conviction.

A notice of appeal in *Credit Service* was filed in Multnomah County Circuit Court on September 7, 1978; a notice of appeal was filed in *State v. Forrest* in the Court of Appeals on November 17, 1978.

Wilson filed several requests for extensions of time to be allowed to file the transcripts. The requests were allowed. The last extensions for filing the transcript in each case expired on May 15, 1979.

On June 22, the State Court Administrator, acting for the Court of Appeals, wrote to Wilson with reference to each case, reminding her that her last extension of time for filing the transcript in each case had expired on May 15 and that she had not yet filed her portion of the transcript in either case. The letter concluded:

> "If these two transcripts are not filed on or before July 2, 1979, you will be cited to appear before the Court of Appeals to show cause why you should not be held in contempt of court."

Wilson's portions of the transcripts were not filed on or before July 2.

On July 11 the Court of Appeals issued an order to show cause, ordering that Wilson appear on July 26 by filing an answer to the order to show cause, together with affidavits, brief, or memorandum, showing why she should not be adjudged guilty of contempt of the

Court of Appeals for neglecting to file the transcripts and why she should not be punished therefor in accordance with law. Although personally served on July 17, Wilson did not respond to the order.

On August 8 the Court of Appeals issued an order that Wilson appear at a hearing on August 27, before a special master appointed by the Court of Appeals, to show why she should not be adjudged guilty of contempt of the Court of Appeals for neglecting to file the transcripts in question.

Wilson was informed, both by the order to appear at a hearing and by the master at the hearing, that she was entitled to be represented by counsel under ORS 33.095(1),[1] and that she was entitled to have counsel appointed to represent her if she was indigent, under ORS 33.095(2).[2] She expressly declined to be represented by counsel. The only reason Wilson stated at the hearing for failure to respond to the court's orders to produce the transcripts was:

"A  Well, I have had a real big backlog of cases, and I just took more than I could handle * * * and now I'm just learning what to take * * * how much I should take in order to get it out.
" * * *
"A  And I was just swamped."

ORS 8.320 provides, in pertinent part:

"Any circuit judge or circuit judge pro tem not having available the services of an official reporter

---

[1] ORS 33.095(1) provides:

"A party cited to show cause why he should not be held in contempt of court or arrested to answer or by any other means brought before a court to answer for any contempt alleged pursuant to ORS 23.020, 23.785, 33.010 or 33.040 shall be entitled to be represented by counsel."

[2] ORS 33.095(2) provides:

"If the alleged contemnor is not represented by counsel when he comes before the court, the court shall inform him of the right to counsel, and of the right to appointed counsel if the alleged contemnor is indigent and the proceedings may result in any incarceration. If the alleged contemnor is indigent and the proceedings may result in his incarceration, the court, upon the alleged contemnor's request, shall appoint counsel to represent him."

may appoint an individual to act as reporter pro tem, who shall perform the same duties as the official reporter * * *. Such reporter pro tem shall possess the qualifications and take the oath prescribed for the official reporter * * *."

ORS 8.310 provides, in pertinent part:

"(1) * * * Before entering upon the discharge of his official duties, each such [official] reporter shall take and subscribe an oath faithfully to perform the duties of his office.

"(2) Reporters shall be officers of the court in which they serve and of any court to which an appeal is made whenever the reporter has recorded the proceedings which are the subject of the appeal."

ORS 33.010 provides, in pertinent part:

"(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

" * * *

"(c) Misbehavior in office, or other wilful neglect or violation of duty, by an attorney, clerk, sheriff or other person appointed or selected to perform a judicial or ministerial service.

" * * *

"(e) Disobedience of any lawful * * * order * * * of the court * * *.

" * * *."

From the file in *Credit Service,* it now appears that Wilson filed her portion of the transcript in that case on August 14, 1979. From the file in *State v. Forrest,* it now appears that Wilson filed her portion of the transcript in that case on August 24, 1979.

We find Wilson's conduct in failing to comply with both the order of the Court of Appeals to produce the transcripts in these cases by May 15 and the further order of the Court of Appeals to produce them by July 2 was contempt of the Court of Appeals by an officer of this court, under ORS 33.010(1)(c) and (e).

[519]

ORS 33.020 provides:

"(1) Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in paragraphs (a) and (b) of subsection (1) of ORS 33.010, or in subsection (1) of ORS 1.240, it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100.[3]

"(2) In addition to the punishment provided for in subsection (1) of this section, the court or judge shall have power to constrain performance of any lawful order, judgment or decree of such court or judge, by imprisonment of the person failing or refusing to comply, until the order, judgment or decree has been complied with."

We conclude that the failure by Wilson to produce her portion of the transcripts in question for a period of more than 11 months in *Credit Service* and approximately 9 months in *Forrest* was prejudicial to these litigants within the meaning of ORS 33.020(1).

Were the transcripts still unproduced, we would impose a period of imprisonment to ensure their production.

We impose a punishment of a $300 fine, payable to the State Court Administrator within 20 days of the entry of the mandate. If Wilson fails to pay the fine within the allotted time, a warrant for her arrest will be issued, directing the arresting officers to deliver her to the authorities in Multnomah County for incarceration in the county jail under ORS 161.685(4).[4] *See*

---

[3] This statute has been interpreted as imposing an unconstitutional infringement on the prerogatives of the judicial branch as to the limitation of the amount of the fine. *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 497, 405 P2d 510, 407 P2d 250, *cert den* 384 US 943 (1966).

[4] ORS 161.685(4) provides:

"The term of imprisonment for contempt for nonpayment of fines or failure to make restitution shall be set forth in the commitment

*State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 497, 405 P2d 510, 407 P2d 250, *cert den* 384 US 943 (1966).

Judgment of contempt entered. Fine imposed.

order, and shall not exceed one day for each $25 of the fine or restitution, 30 days if the fine or order of restitution was imposed upon conviction of a violation or misdemeanor, or one year in any other case, whichever is the shorter period. A person committed for nonpayment of a fine or failure to make restitution shall be given credit toward payment for each day of imprisonment at the rate specified in the commitment order."