**Frank PARRISH, Jr., et al.**

v.

**F. M. JOHNSON d/b/a F. M. Johnson Well Servicing.**

**No. 18030.**

Court of Civil Appeals of Texas, Fort Worth.

May 1, 1980.

Rehearing Denied May 29, 1980.

Jimmy P. Horany, Wichita Falls, for appellants.

Sparkman & Brian, and Roy T. Sparkman, Wichita Falls, for appellee.

OPINION

PER CURIAM.

In this case the appellants, defendants below, have appealed from a judgment of the district court of Wichita County, Texas. The transcript was filed in this court on March 16, 1978. Though timely requested, and with substantial deposit as security made to the court reporter for his preparation of a complete statement of facts, such has not been prepared. By showing made to this court it is obvious that appellants are without fault in the failure, through inability to obtain it, to file the full and complete statement of facts represented by them to be essential to proper presentation of their appeal.

By appropriate procedure the appellants obtained from this court the right to delayed filing of the statement of facts while there was the attempt to obtain it. Further, on appropriate motion made the court reporter was ordered to show cause for his delay; and, subsequently, because of his

failure to supply the statement of facts there was motion filed to hold the reporter in contempt and to punish him because of his failure to provide the same. A hearing was held thereon. The court reporter was held in contempt and ordered confined until such time as the statement of facts was completed. Everything possible to be done, even with the punitive powers of this court imposed, was done in the attempt to obtain a statement of facts.

It now appears that the condition of infirmity of the reporter inhibits the ability of appellants to obtain the complete statement of facts requested as necessary to their appeal, at least within a reasonable time. By reason of these circumstances appellants have moved that the judgment in the case be reversed with the cause remanded to the trial court for a new trial. Under the circumstances to have this done is the entitlement of appellants. *O'Neal v. County of San Saba*, 594 S.W.2d 185 (Tex.Civ.App.— Austin 1980, not yet time for writ information).

The judgment is reversed and the cause is remanded for new trial.