Cecil POYNER *v.* ARKANSAS CONTRACTORS LICENSING BOARD; Bruce Earl WARD *v.* STATE of Arkansas

98-952; CR 98-657                               985 S.W.2d 298

Supreme Court of Arkansas
Opinion delivered January 14, 1999

*Lyon, Emerson & Cone*, for appellant Cecil Poyner.

No response.

*Deborah R. Sallings*, for appellant Bruce Earl Ward.

No response.

P ER CURIAM. The procedural background in these mat-
ters is set forth in our *per curiam* orders issued on
November 19, 1998. *Poyner v. Arkansas Contractors Licensing Bd.*,
335 Ark. 260, 979 S.W.2d 902 (1998); *Ward v. State*, 335 Ark.
265, 979 S.W.2d 902 (1998). On December 11, 1998, a bench
warrant was issued because Ms. Lené Collins-Sontag failed to
appear before this court on December 10, 1998, as ordered by the
*per curiam* orders issued on November 19, 1998. *Poyner v. Arkansas
Contractors Licensing Bd. & Ward v. State,* 335 Ark. 379, 985
S.W.2d 297 (1998). Pursuant to the bench warrant issued on
December 11, 1998, the State Police took custody of Ms. Collins-
Sontag on December 17, 1998, and delivered her to the Pulaski
County Detention Facility, where she was held until she appeared
before this court on December 21, 1998, at 9:00 a.m. As a result
of said appearance, Ms. Collins-Sontag was ordered to appear
before this court on Wednesday, January 6, 1999, at 9:00 a.m., and
the Pulaski County Sheriff's Department was directed to release
Ms. Collins-Sontag upon the posting of a $500.00 bond.

Ms. Collins-Sontag, substitute court reporter for the Third
and Seventh Divisions of Pulaski County Circuit Court, appeared
with her counsel, Kenneth G. Fuchs, for the hearing before this
court on January 6, 1999, to show cause why she should not be
held in contempt for her failure to comply in a timely manner
with the command of the writs of certiorari issued in both cases
and for her failure to appear before this court as scheduled on
December 10, 1998. Also present at the January 6 hearing was Ms.
Vicki Pickering, attorney for the Arkansas Contractors Licensing
Board.

During the hearing, Ms. Collins-Sontag entered pleas of
guilty for her failure to comply with the writs of certiorari issued
in both cases and for her failure to appear as previously scheduled.
We accepted Ms. Collins-Sontag's guilty pleas. In mitigation of
her contempt, Ms. Collins-Sontag advised the court that she failed

to timely prepare and file the transcripts in the *Poyner* and *Ward* cases because of recent domestic problems. Specifically, she stated that due to her separation from her husband, she does not have access to her computer and has been unable to locate the original tape recording of the hearing in the *Poyner* case. Ms. Collins-Sontag also admitted that she was drinking alcohol excessively during the past several months. She represented to the court that she has been sober since her arrest on December 17, 1998. She further stated that she has no income at this time and that she and her teenage son are living with friends.

According to Ms. Collins-Sontag, the back-up tape recording of the hearing in the *Poyner* case is not audible. Both she and her attorney do not believe that audio enhancement of the tape recording is a viable option under the circumstances. Ms. Collins-Sontag represented to the court that no witnesses testified at the *Poyner* hearing. Ms. Pickering, attorney for the Arkansas Contractors Licensing Board, confirmed that no testimony was taken during the *Poyner* hearing and that the hearing was limited to argument by counsel regarding summary judgment. Ms. Pickering further stated that affidavits were submitted after the hearing.

With regard to the *Ward* case, Ms. Collins-Sontag assured the court that she had the disk containing the record of the relevant hearing, and that she could arrange for access to a computer in order to print the transcript and file it with the Supreme Court Clerk no later than Friday, January 8, 1999.

Based upon the inability of Ms. Collins-Sontag to submit the record of the relevant hearing in the *Poyner* case and based upon the representations by Ms. Pickering and Ms. Collins-Sontag that the hearing was limited to argument by counsel, we hereby remand this matter to the Pulaski County Circuit Court, Third Division, to allow counsel to prepare a statement of the evidence or proceedings and to allow the trial court to settle the record, pursuant to Ark. R. App. P.—Civ. 6(d) & (e).

Based upon the foregoing, we hold that Ms. Collins-Sontag is in contempt for failing to comply in a timely manner with the command of the writs of certiorari issued in the *Ward* and *Poyner* cases and for failure to appear before this court as

scheduled on December 10, 1998. We sentence Ms. Collins-Sontag to four days in the Pulaski County jail, with credit for four days having already been served by her. We further order her to file the transcript in the *Ward* case with the Supreme Court Clerk no later than Monday, January 11, 1999.

The clerk is also directed to forward a copy of this *per curiam* order to the Board of Certified Court Reporter Examiners for any action it might deem necessary under its rules.