■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON JACOBS, Appellant. [729 NYS2d 189] —Motion by the appellant for summary reversal of a judgment of the County Court, Orange County (Byrne, J.), rendered May 14, 1997. By decision and order dated June 8, 2000, this Court denied the motion and remitted the matter to the County Court, Orange County, for a reconstruction hearing with respect to the trial proceedings on April 8, 1997, and by decision and order dated March 20, 2001, this Court held the appellant's renewed motion for summary reversal of the judgment in abeyance pend-

ing the submission of a certified transcript of the reconstruction hearing.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and the determination made after the reconstruction hearing by the County Court, Orange County (Byrne, J.), on January 22, 2001, it is

Ordered that the motion is granted, the judgment is reversed, and the matter is remitted to the County Court, Orange County, for a new trial.

After a jury trial in 1997, the defendant was convicted of assault in the second degree, criminal contempt in the first degree, criminal possession of a weapon in the fourth degree, and resisting arrest. Over the next three years, the defendant's assigned counsel attempted to obtain the trial transcript from the court reporter for the purpose of perfecting an appeal. After the court reporter was held in contempt of court, fined, and imprisoned, she produced an incomplete transcript, which was missing the summations, the jury instructions, and a read back of the charges. Consequently, the defendant moved for summary reversal of the judgment.

By decision and order dated June 8, 2000, this Court denied the defendant's motion and remitted the matter to the County Court, Orange County, for a reconstruction hearing. Although the prosecutor who tried the case claimed to recall all the relevant proceedings, the Trial Judge (who also presided over the reconstruction hearing) and the defense attorney both admitted that their recollections were vague at best. Accordingly, the County Court determined that the missing minutes could not be accurately reconstructed.

Under the circumstances of this case, including the court reporter's failure to transcribe the minutes for three years, the missing transcript of the summations, the jury instructions, and a read back of the charges, and the absence of an alternative method of providing an adequate record for appellate review, the defendant is entitled to summary reversal of the judgment and a new trial (see, People v Rivera, 39 NY2d 519; People v Cameron, 219 AD2d 662; People v Hall, 200 AD2d 474). Santucci, J. P., Goldstein, S. Miller and Friedmann, JJ., concur.