Carol ROSS *v.* STATE of Arkansas;
Mark Singson *v.* State of Arkansas;
Gil Landers d/b/a Big Daddy's Pawn Shop,
Linda Stewart *v.* Ken Jameson;
Quinton Lee Handy *v.* State of Arkansas;
Deborah Rouse *v.* State of Arkansas;
Alexander Davison *v.* State of Arkansas;
Alexander Davison *v.* State of Arkansas

CR 01-177; CR 01-268;
01-269; CR 00-1445;
CR 01-336; CR 01-348;
CR 01-342                                   55 S.W.3d 770

Supreme Court of Arkansas
Opinion delivered October 4, 2001

*Jeff. Rosenzweig*, for appellant Carol Ross.

*Julia B. Jackson*, Public Defender Conflicts, for appellant Mark Singson.

*Josh E. McHughes*, for appellant Gil Landers *et al.*

*William R. Simpson, Jr.*, Public Defender, by: *Deborah Sallings*, Deputy Public Defender, for appellants Quinton Lee Handy, Deborah Rouse, and Alexander Davison.

No response.

PER CURIAM. The facts of this matter, which concern the failure of Madeline McClure, an official court reporter, to timely file seven different transcripts with this court's clerk, are set out in our *per curiam* opinion issued on May 17, 2001. *Ross v. State*, 344 Ark. 623, 42 S.W.3d 483 (2001). We stated in that opinion that Ms. McClure had failed to comply with the writs of certiorari granted and issued in the above-referenced matters. We ordered Ms. McClure to appear before this court on May 24, 2001, to show cause why she should not be held in contempt of court for her failure to comply in a timely manner with the commands of the writs issued in the above-styled actions.

At her appearance before this court on May 24, 2001, Ms. McClure pled not guilty to contempt, and we appointed the Hon. John Lineberger as master to conduct the hearing, make findings of fact, and file them with the court. *See Ross v. State*, 345 Ark. 181, 44 S.W.3d 336 (2001) (*per curiam*). On August 13, 2001, the master filed his report and findings of fact with this court's clerk. The report reflects that a hearing was conducted on July 12, 2001, at which Ms. McClure appeared *pro se*.[1]

According to the master's report, Ms. McClure began her career as a general freelance court reporter in 1983. Eventually, she served as a substitute court reporter for various circuit and chancery courts in Pulaski County. No complaints were filed against Ms. McClure in her capacity as a freelance or substitute reporter. In December 1999, she became employed as the official court reporter for the Fifth Division Circuit Court, Sixth Judicial District, working first for Judge Morris Thompson and, then, for his successor, Judge Leon Johnson. Judge Willard Proctor, who succeeded Judge Johnson on January 1, 2001, did not retain her. Ms. McClure has been unemployed since January 1, 2001.

The master made extensive findings of fact regarding Ms. McClure's performance in connection with the timely preparation

---

[1] The transcript of the July 12, 2001, hearing was filed with this court's clerk on July 26, 2001.

and filing of transcripts for appeal in the above-styled actions. A summary of those findings is set out below:

*Ross v. State* (CR 01-177): The transcript of a one-and-one-half hour non-jury trial was due to be filed with this court's clerk on February 10, 2001 (after trial court extensions for the full seven months from entry of judgment). No part of the transcript was ready at that time. On February 27, 2001, we granted a writ of certiorari to complete the record, returnable on March 1, 2001, followed by a final extension deadline of April 1, 2001. Ms. McClure knew the importance of meeting the March 1 deadline but did not start preparing the transcript before March 1. She only had a few pages prepared by the April 1 final deadline.[2]

*Simpson v. State* (CR 01-268): The transcript of a two-and-one-half day criminal jury trial was due to be filed with this court's clerk on March 6, 2001 (after trial court extensions for the full seven months from entry of judgment). Ms. McClure had started typing the transcript but did not have anything in print. On March 22, 2001, we granted a final extension of time to return the writ until April 21, 2001. As of the final deadline, Ms. McClure did not have anything in print.[3]

*Gil Landers d/b/a Big Daddy Pawn Shop v. Ken Jameson* (01-269): The transcript of a civil non-jury case was due to be filed with this court's clerk on March 16, 2001 (after trial court extensions for the full seven months from entry of judgment). When the transcript was not ready by the March deadline, we granted a final extension of time to return the writ until April 28, 2001. Ms. McClure did not have the transcript prepared by that final deadline. The 60-page transcript was eventually filed by Ms. McClure on June 12, 2001.

*Quinton Handy v. State* (CR 00-1445): The transcript of a full-day criminal jury trial was due to be filed with this court's clerk on December 18, 2000 (after trial court extensions for the full seven months from entry of judgment). Once again, no transcript was ready by the December deadline. On January 11, 2001, we granted a writ of certiorari, returnable on February 10, 2001, followed by

---

[2] The *Ross v. State* transcript was prepared by another court reporter, Ms. Kathryn Begley, and it was filed with this court's clerk on July 23, 2001.

[3] The *Simpson v. State* transcript was prepared by another court reporter, Ms. Cheryl Nelson, and it was filed with this court's clerk on August 13, 2001.

an extension to March 10, 2001, and a final extension deadline of April 28, 2001. Ms. McClure never prepared the transcript.[4]

*Rouse v. State* (CR 01-336): The transcript of a criminal non-jury case, in which hearings were held on two different days, was due to be filed with this court's clerk on March 21, 2001 (after trial court extensions for the full seven months from entry of judgment). Because the transcript was not ready by March 21, we granted a writ of certiorari on April 5, 2001, and fixed a final return date of May 5, 2001. Ms. McClure failed to comply with our directive. The 173-page transcript was eventually filed by Ms. McClure on June 21, 2001.

*Davison v. State* (CR 01-342 and CR 01-348): The transcripts of these criminal cases were due to be filed with this court's clerk on March 22, 2001 (after trial court extensions for the full seven months from entry of judgment). When the transcripts were not ready by that deadline, we granted a writ of certiorari on April 5, 2001, and fixed a final return date of May 5, 2001. Once again, Ms. McClure failed to comply with our directives. The transcripts (86 pages and 22 pages, respectively) were eventually filed by Ms. McClure on July 2, 2001.

At the hearing conducted by the master, Ms. McClure testified that her problem with preparing all of the transcripts was twofold: ". . . all my equipment went down and my personnel went to nothing." Apparently, her word processor failed in late December 2000, and she purchased new equipment in mid-January 2001. However, Ms. McClure claimed she did not know how to operate the new equipment and could not find anyone to give her lessons. Judge Proctor allowed her to use the court's transcriber until the end of March 2001, at which point she and her typist shared a rented transcriber until she purchased a new one in May or June 2001. Ms. McClure also testified that her typist would not type jury proceedings.

The master concluded his report with the following pertinent findings:

> Time was available for Ms. McClure to timely prepare the transcripts in question. There were no other distractions in her life;

---

[4] The *Handy v. State* transcript was prepared by another court reporter, Ms. Cheryl Nelson, and it was filed with this court's clerk on August 3, 2001.

her judges authorized her to stay (or go) home and work on transcripts when trials or hearings were not in progress and she had few other transcripts to prepare.

While computers can be complicated machines, Ms. McClure appears to have the education, experience and ability to utilize the word processing features without a great deal of difficulty.

Ms. McClure was courteous, respectful and answered all questions asked at the hearing. . . . She acknowledges that she made substantial mistakes and is fully aware that her punishment may be severe.

The master also noted that Ms. McClure, "almost as an afterthought, . . . revealed that she had a bout with alcohol (vodka) which resulted in her being hospitalized at Bridgeway in Little Rock for seventeen days commencing in late April 2001. . . . Obviously this conduct is not an excuse, but may best explain her conduct."

■ Based upon the foregoing, we hold Ms. McClure in contempt of this court for wilfully failing to comply in a timely manner with the commands of the writs issued in the above-styled actions. In holding Ms. McClure in contempt, we note that she may be punished by incarceration, imposition of fine, or both. *Poyner v. Arkansas Contractors Lic. Bd.*, 336 Ark. 83, 985 S.W.2d 298 (1999). However, we take notice that the Board of Certified Court Reporter Examiners held a hearing on September 15, 2001, and considered a complaint filed against Ms. McClure by Josh E. McHughes, an attorney representing one of the appellants in *Landers v. Jameson* (01-269). The Board, after considering the affidavit of attorney McHughes, the sworn testimony of Ms. McClure and the above-referenced report and findings of fact filed by this court's master, voted to revoke Ms. McClure's certification as a certified court reporter.

In view of the action taken by the Board of Certified Court Reporter Examiners, as well as our master's findings and other matters set out in the contempt proceeding, we fine Ms. McClure in the amount of $530.30, which reflects court reporter expenses incurred by this court. The clerk is also directed to forward a copy of this *per curiam* order to the Board of Certified Court Reporter Examiners.

Contempt order issued.