**ALAN NIGEL ARCHIBALD, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2016-0050

Supreme Court of the Virgin Islands

August 10, 2017

ROBERT A. LEYCOCK, ESQ., St. Thomas, USVI, *Pro se.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(August 10, 2017)

PER CURIAM. This matter comes before us due to the failure of Robert Leycock, Esq., court-appointed counsel to appellant Alan Nigel Archibald in the above-captioned case, to comply with numerous orders of this Court. For the reasons that follow, we find Leycock in civil contempt and refer his conduct to the Office of Disciplinary Counsel for further investigation.

## I. BACKGROUND

Leycock, as counsel for Archibald, filed a notice of appeal with this Court on September 17, 2016. Shortly thereafter, the Clerk of this Court issued a September 20, 2016 docketing order which required Leycock to file a completed Transcript Purchase Order ("TPO") on or before October 4, 2016. *See* V.I. R. APP. P. 10(b)(1).[1] When Leycock failed to file any documents in response to the September 20, 2016 order, the Clerk, *sua sponte*, issued a second order on October 19, 2016, which provided him with an additional fourteen days — until November 2, 2016 — to file the TPO. The September 20, 2016 order advised Leycock that the failure to timely file the TPO within the time, as extended, could result in

---

[1] Effective March 1, 2017, former Virgin Islands Supreme Court Rules 1 through 41 were re-designated as the Virgin Islands Rules of Appellate Procedure. Because the rules pertinent to this matter have only been renamed and otherwise remain substantively identical, for ease of reference we cite to the Rules of Appellate Procedure when applicable in lieu of the former Supreme Court Rules.

Archibald's appeal being dismissed for failure to prosecute. *See* V.I. R. App. P. 35(e).

Again, Leycock failed to file any documents by the November 2, 2016 extended deadline. However, on November 14, 2016, this Court received a letter from Archibald, in which he stated, among other things, that he had "not seen or heard" from Leycock since the date of his July 29, 2016 sentencing in the Superior Court, despite "hav[ing] tried numerous times to make contact." This Court, in a November 22, 2016 order, acknowledged both Archibald's letter and Leycock's continuing failure to comply with this Court's orders, and advised Leycock of his continuing obligation to represent Archibald on appeal until and unless expressly relieved by court order. *See* V.I.S.CT.R. 210.3. While the November 22, 2016 order *sua sponte* granted yet another fourteen-day extension of time — until December 6, 2016 — in which to file the TPO, it also required Leycock to show cause in writing — also within fourteen days — as to why he should not be held in civil contempt or otherwise sanctioned for his failure to comply with the September 20, 2016 and October 19, 2016 orders.

Ultimately, Leycock filed the TPO with this Court on December 5, 2016. However, Leycock never replied to the portion of the November 22, 2016 order requiring him to show cause in writing. Nevertheless, the Clerk issued a December 6, 2016 scheduling order that required Leycock to file an appellate brief and the joint appendix on or before January 17, 2017.

On January 17, 2017, Leycock filed a brief through the Virgin Islands Supreme Court Electronic Filing System ("VISCEFS"), but did not file the joint appendix. One week later, on January 24, 2017, Leycock filed a motion for leave to file the joint appendix out of time, on the grounds that "the file was too large and took an extraordinarily long time to upload to the website." The Clerk, in a February 2, 2017 order, granted the motion, but advised him that he had not actually yet electronically filed the joint appendix with this Court. Moreover, the February 2, 2017 order advised Leycock that he had failed to file seven paper copies of his brief and four paper copies of the joint appendix. Although the order permitted Leycock to remedy these deficiencies within three business days — or February 7, 2017 — he failed to do so or to file any other documents with this Court.

On February 8, 2017, the People of the Virgin Islands filed a motion to dismiss Archibald's appeal for failure to prosecute. Later that same day,

Leycock filed a response with this Court stating that he had complied with the February 2, 2017 order by filing the joint appendix on January 24, 2017, and attached an electronically-generated notice from VISCEFS in support of his contention that it had been filed. In his response, Leycock also stated that he would nevertheless re-file the joint appendix later that day, which he ultimately did.

This Court, in a March 8, 2017 order, noted that Leycock failed to comply with the February 2, 2017 order. First, this Court recognized that the electronically-generated notice that Leycock attached to his February 8, 2017 response expressly stated that

> Your e-filing has been successfully submitted to the Virgin Islands Supreme Court and your submitted document(s) emailed to those who receive electronic service. *You will receive confirmation of the acceptance or rejection of this document from the Clerk's Office.*

(Emphasis added.) The Court noted that the VISCEFS records reflected that, at 9:42 a.m. on January 25, 2017, an e-mail had been sent to Leycock stating that the joint appendix had been rejected because Leycock failed to redact the names of minor children and victims of sexual assault crimes. *See* V.I. R. APP. P. 15(c)(2). The Court further noted that the joint appendix Leycock electronically filed on February 8, 2017 still failed to comply with Rule 15(c)'s redaction requirements. Additionally, the Court further noted that Leycock had still made no attempt to comply with the portion of the February 2, 2017 order requiring him to file physical copies of the brief and joint appendix, or the portion of the November 22, 2016 order requiring him to show cause, in writing, as to why he should not be held in civil contempt or sanctioned. While this Court ultimately denied the People's motion to dismiss, it rejected the joint appendix, directed the filing of the required physical copies of the brief within three business days, directed the filing of physical and electronic copies of the joint appendix containing all required redactions within fourteen days, and ordered Leycock to show cause, in writing, within fourteen days as to why he should not be held in civil contempt or otherwise sanctioned for his failure to comply with all of the rules and orders discussed. In the interim, the Clerk of the Court designated Archibald's appeal as "confidential" — thus precluding the case file from being accessed by the public, *see* V.I. R.APP. P. 40.6(a), due to the failure of Leycock to file a redacted joint appendix.

Yet again, Leycock failed to comply with the March 8, 2017 order. Although he was given three business days and fourteen days, respectively, to file physical copies of the brief and joint appendix, Leycock did not do so until more than a month later, on April 11, 2017. Moreover, Leycock never filed an electronic version of the redacted joint appendix, and once again failed to show cause in writing. Therefore, this Court, in a May 12, 2017 order, directed Leycock to electronically file the redacted joint appendix by May 16, 2017, and to appear in person on June 13, 2017, to show cause as to why he should not be held in civil contempt and referred to the Office of Disciplinary Counsel for his failure to comply with this Court's September 20, 2016, October 19, 2016, November 22, 2016, February 2, 2017, and March 8, 2017 orders. On the same day, this Court also issued an order scheduling oral argument in Archibald's appeal for June 13, 2017.

On May 16, 2017, Leycock filed a combined document with this Court consisting of the joint appendix, together with a "Notice of Filing of Redacted Joint Appendix" and two unrelated exhibits. The Clerk, in a May 18, 2017 order, rejected the combined filing because the Rules of Appellate Procedure expressly prohibit such filings. V.I. R. APP. P. 40.3(d) ("E-filers are expressly prohibited from e-filing multiple motions, petitions, or other documents as a single filing or docket entry . . . . Failure to comply with this Rule may result in rejection of the combined document by the Supreme Court."). Although the May 18, 2017 order granted an additional business day to file a corrected document, see V.I. R. APP. P. 40.3(i), Leycock did not do so until June 1, 2017.

Leycock appeared before this Court at the June 13, 2017 show cause hearing, which occurred immediately after the conclusion of oral argument. At the start of the hearing, Leycock stated that this was his first appeal, and attributed his failure to file documents to VISCEFS itself, rather than his own ability or inability to interface with the system. With respect to his failure to redact, he stated that he had difficulty reading the orders from this Court that had required redaction, but also admitted that it was a "gross oversight" on his part because he did not know that redactions were required for this type of case. When it was noted that VISCEFS requires an attorney to certify, prior to filing a document electronically, "[t]hat all required redactions pursuant to Supreme Court Rule 15(c) have been made to any document submitted for electronic filing, and that I understand that failure to make the required redactions

may result in rejection of the document or other sanctions[,]" *see also* V.I. R. APP. P. 40.3(c)(4), Leycock stated that he did not intend to deceive the Court. When asked why he did not respond to any of the orders requiring him to show cause in writing, Leycock stated that he "figured that at some point I would show up here and discuss it," since his "experience in the Superior Court" is "that they would give you a date and you would present your side at a short hearing, and I figured that we would be doing that here at some point also."

The Court concluded the show cause hearing by taking the matter under advisement. However, almost a week later, on June 19, 2017, Leycock conventionally filed a "Response to Order to Show Cause." In his response — which was not accompanied by a motion for leave to file out of time or a motion for exemption from the e-filing requirement — Leycock again stated he had "made several attempts to file the joint appendix in the case," and that the failure to file the redacted joint appendix was "due to circumstances beyond his control."

## II. DISCUSSION

■ This Court, like every other court of the Virgin Islands, possesses both the statutory and inherent power to compel obedience to its orders by way of contempt. *In re Burke*, 50 V.I. 346, 350-51 (V.I. 2008); 4 V.I.C. §§ 243(4); 281. "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.' " *In re McIntosh*, S. Ct. Civ. Nos. 2012-0013, 0025, 2013 V.I. Supreme LEXIS 11, at *11 (V.I. Mar. 14, 2013) (unpublished) (quoting *Burke*, 50 V.I. at 352). Significantly "[i]t need not be established that the violation was willful." *Burke*, 50 V.I. at 352. And unlike criminal contempt, the purpose of a civil contempt sanction is to coerce the contemnor to do something or to compensate the court or a party for the time and resources expended dealing with the matter. *In re Rogers*, 56 V.I. 325, 335 (V.I. 2012).

Here, Leycock does not dispute that he failed to comply with the September 20, 2016, October 19, 2016, November 22, 2016, February 2, 2017, and March 8, 2017 orders, and as explained in greater detail above, all five orders were clear and unambiguous as to what was expected of

him. Therefore, the only issue is whether Leycock diligently attempted to comply with those orders in a reasonable manner.

■ We conclude that he did not. At the June 13, 2017 show cause hearing, Leycock provided this Court with no explanation at all as to why he failed to comply with the September 20, 2016 and October 19, 2016 orders with respect to the filing of the TPO, or the February 2, 2017 and March 8, 2017 orders requiring him to file physical copies of the brief and the joint appendix. Moreover, his June 19, 2017 response also does not address those matters. Notably, these deadlines were not only found in those orders, but in the Rules of Appellate Procedure as well, *see* V.I. R. APP. P. 10(b)(1), 40.3(h), which Leycock, as part of the registration process for use of the VISCEFS, was required to certify his compliance with, *see* V.I. R. APP. P. 40.2(c)(5). And while Leycock ultimately filed the TPO on December 5, 2016, and filed physical copies of the brief and the joint appendix on April 11, 2017, all of these documents were filed months after the original due date, and only after this Court had to issue multiple orders to compel their filing. Moreover, Leycock's primary explanation that he failed to show cause, in writing, as required by the November 22, 2016 and May 12, 2017 orders — that he figured this Court would at some point require him to show cause in person — is wholly unreasonable. Consequently, these acts — at best — represent only "hollow gestures" that "do not represent a diligent attempt at compliance." *McIntosh*, 2013 V.I. Supreme LEXIS 11, at *12.

Similarly, we find Leycock's explanation for his failure to timely file a redacted joint appendix — that he had difficulty accessing documents through VISCEFS — to be incredible. Leycock was clearly receiving documents through VISCEFS, in that his January 24, 2017 motion for leave to file out of time referenced the January 17, 2017 due date for the brief and joint appendix that had been established in the December 7, 2016 scheduling order, and his February 8, 2017 response referenced both the February 2, 2017 order as well as the People's February 8, 2017 motion to dismiss. Furthermore, Leycock appeared before this Court on June 13, 2017, for both oral argument and the show cause hearing, thus indicating that he received this Court's May 12, 2017 orders. And at the show cause hearing Leycock stated that he knew he had been required to show cause in writing, but did not do so because he believed he would have the opportunity to eventually show cause in person, indicating that he had at some point received the November 22, 2016 and March 8, 2017

orders, yet chose to simply ignore them. That Leycock has now chosen to file a written response almost one week after the show cause hearing — which itself only addresses his failure to file a redacted joint appendix and not the other issues for which this Court required him to show cause — is similarly a "hollow gesture" that cannot excuse his prior repeated non-compliance. *McIntosh*, 2013 V.I. Supreme LEXIS 11, at \*12.

Additionally, even if Leycock had experienced some difficulty accessing documents[2] through VISCEFS — a claim which has no substantiation in the record — he still failed to exercise reasonable diligence in this matter. As with the deadlines for filing the TPO and for filing physical copies of a brief and a joint appendix, the requirement that an attorney redact the names of minors and victims of sexual assault crimes is found in the Virgin Islands Rules of Appellate Procedure, *see* V.I. R. APP. P. 15(c)(2), with which Leycock certified compliance and familiarity with both as part of the initial registration process to use VISCEFS, *see* V.I. R. APP. P. 40.2(c)(2), and as a prerequisite to filing a document with VISCEFS. Consequently, Leycock should have known well before this Court issued its February 2, 2017, March 8, 2017, and May 12, 2017 orders that he was required to file a redacted joint appendix.

██ Moreover, it is well-established that all Virgin Islands attorneys possess an obligation to monitor the docket in a pending case. *Thomas v. V.I. Bd. of Land Use Appeals*, 60 V.I. 579, 589-90 (V.I. 2014). Notably, the Rules of Appellate Procedure — with which, again, Leycock certified his familiarity with as part of the registration process for VISCEFS — provide that the Clerk of the Supreme Court is to provide public access to the dockets and documents of all cases — other than those designated as sealed or confidential — through public computers available at the Court's facilities. V.I. R. APP. P. 40.6(a); *see also* 3 V.I.C. § 881(a)-(b) (providing for physical examination of all public records maintained by any branch of government). Yet Leycock failed to utilize any of these procedures to view the documents to the extent he was having difficulty doing so from his home or office. And to the extent Leycock had difficulty

---

[2] We note that Leycock's oral explanation at the June 13, 2017 hearing differs from that provided in his June 19, 2017 response, in that at the June 13, 2017 hearing he stated that he had difficulty accessing this Court's orders through VISCEFS, whereas his June 19, 2017 response indicates that he only had difficulty filing the joint appendix through VISCEFS. As explained above, it appears that Leycock was in fact able to access the pertinent orders, since several of them were referenced in his subsequent filings.

858

filing any documents through the VISCEFS, the Rules of Appellate Procedure also permitted him to request the extension of a filing deadline due to a technological difficulty, *see* V.I. R. APP. P. 40.5, or to even seek an exemption from mandatory electronic filing "either for purposes of a particular document or for an entire case." V.I. R. APP. P. 40.2(a)(3).

Consequently, we find Leycock to be in civil contempt of this Court for his failure to comply with our September 20, 2016, October 19, 2016, November 22, 2016, February 2, 2017, and March 8, 2017 orders. Because Leycock, at this point, has filed the TPO, the redacted joint appendix, and the physical copies of the brief and joint appendix, the appropriate sanction for his civil contempt must be tailored to compensate this Court for the judicial resources expended. In addition to the resources expended by this Court in its attempts to get Leycock to comply with the pertinent rules and order — including those associated with holding the June 13, 2017 show cause hearing — we cannot ignore that the appeal process was delayed as a result of Leycock's conduct,[3] and that the public was deprived of the opportunity to view a case file that otherwise would have been public had the required redactions been made. After weighing these factors, we conclude that a fine of $1,000, payable to the general fund of the Government of the Virgin Islands, represents the appropriate monetary sanction for Leycock's civil contempt. *Burke*, 50 V.I. at 356.

█ Finally, we also find it appropriate to refer Leycock to the Office of Disciplinary Counsel for further investigation into his conduct. All judicial officers of the Virgin Islands are required to take appropriate action upon receiving information indicating a substantial likelihood that

---

[3] In his June 19, 2017 filing, Leycock implies that his actions did not result in any delay of this appeal because "the undersigned nevertheless ensured that the legal process was continued by filing the brief electronically, and filing hard copies of the documents conventionally." We are not convinced that Leycock's actions with respect to the filing of the brief and appendix did not delay the legal process in this case, particularly since his actions resulted in the People filing a motion to dismiss for failure to prosecute on February 8, 2017, which this Court was then required to address in its March 8, 2017 order. However, we again emphasize that Leycock's repeated failure to file a redacted joint appendix in a timely manner is not the only instance of his failure to comply with this Court's rules and orders, in that Leycock did not file the TPO until after this Court issued three orders directing him to do so. Notably, Leycock's failure to file the TPO resulted in a two-month delay in the processing of this appeal, in that a scheduling order establishing briefing deadlines would have issued immediately after the filing of a TPO indicating that no additional transcripts were necessary and the record was complete. *See* V.I. R. APP. P. 25(a).

a lawyer has committed a violation of the Virgin Islands Rules of Professional Conduct. *See* V.I. CODE OF JUD. CONDUCT R. 2.15(D). Unfortunately, Leycock's repeated failure to comply with this Court's rules and orders potentially implicates several ethical rules. *See, e.g.,* V.I.S.CT.R. 211.1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); V.I.S.CT.R. 211.3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."); V.I.S.CT.R. 211.3.4(c) ("A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."); V.I.S.CT.R. 211.8.4(d) ("It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice."). Accordingly, we refer this matter to the Office of Disciplinary Counsel for the purpose of taking any additional action which it may deem appropriate.

## III. CONCLUSION

For the foregoing reasons, we hold Leycock in civil contempt of this Court, and direct him to pay $1,000 to the Clerk of the Court, made payable to the Government of the Virgin Islands no later than fourteen days from the date of entry of this decision. Furthermore, we direct the Clerk of this Court to transmit a copy of this opinion, together with all pertinent orders and filings, to the Office of Disciplinary Counsel so that it may consider whether disciplinary proceedings should be initiated pursuant to Supreme Court Rule 207.