SLIP OPINION

Cite as 2015 Ark. 158

# SUPREME COURT OF ARKANSAS

No. CV-14-585

| | |
|---|---|
| JAMES TREE AND CRANE SERVICE, INC., AND ROGER WILLIAMS<br><br>APPELLANTS<br><br>V.<br><br><br>TERRI FOUGHT<br><br>APPELLEE | **Opinion Delivered** April 9, 2015<br><br>UPON RETURN OF SPECIAL MASTER'S FINDINGS OF FACT<br><br><br><br><br>CONTEMPT CITATION ISSUED. |

**PER CURIAM**

This matter concerns the failure of court reporter Sheila Russell to timely prepare the record in the above-captioned case as set forth in our per curiam order of January 15, 2015. *James Tree & Crane Serv., Inc. v. Fought*, 2015 Ark. 6 (per curiam). In that order, we found that Russell had failed to comply with the writ of certiorari for the completion of the record issued by this court, and we ordered her to appear before us on January 29, 2015, to show cause why she should not be held in contempt for her failure to comply with the writ. Russell did appear on the appointed date and entered a plea of not guilty. Accordingly, we appointed the Honorable John Mauzy Pittman as special master to conduct a hearing on the matter, to make findings of fact, and to file them with our clerk. *James Tree & Crane Serv., Inc. v. Fought*, 2015 Ark. 48 (per curiam). In a subsequent order, we directed the special master to inquire into the status of the record preparation in *Fought* and any other appeals involving Russell where the records were not completed in a timely fashion. We asked the

special master to ascertain and make findings as to the degree that Russell had completed the records, whether she could be expected to complete the records in a reasonable time, or whether it might be necessary for another certified court reporter to assume the task of completing the records. Finally, we requested the special master to determine whether Russell was in possession of any unearned fees, if he should find that Russell could not complete the records within a reasonable time.

The special master held the hearing on March 13, 2015. The parties in *Fought* participated in the hearing, as did the parties in the appeal of *In re Estate of Fulmer v. Fulmer*. In *Fulmer*, we also had issued a writ of certiorari to Russell for the completion of the record. Although our clerk received what was purportedly a complete record for that appeal, we subsequently issued another writ of certiorari because pleadings and a transcription of a number of hearings were omitted from the record. *Fulmer*, No. CV–14–1072 (Mar. 12, 2015) (order granting writ of certiorari to supplement the record).

On March 24, 2015, the special master filed his findings of fact with our clerk. The special master found that Russell's failure to comply with the writ was not justified and was contrary to her duties as an official court reporter. The special master also found that Russell would not complete the records in the two cases, and he recommended the appointment of another certified court reporter to assume the responsibility for completing the records. In addition, the special master found that the appealing party in *Fought* had paid Russell $5,300 for one half of the estimated cost of transcription in compliance with Arkansas Code Annotated section 16–13–510(c) (Repl. 2010).

SLIP OPINION

We accept the findings of the special master and hold Russell in contempt of this court for willfully failing to prepare the instant record in a timely manner and in accordance with the directive of this court. In holding Russell in contempt, we note that she may be punished by incarceration, imposition of a fine, or both. *Lauderdale v. State*, 2010 Ark. 99 (per curiam); *Ross v. State*, 346 Ark. 180, 55 S.W.3d 770 (2001) (per curiam). In this instance, we sentence Russell to a term of ten days in jail and impose a fine of $500, due on or before Monday, April 20, 2015. In addition, we order Russell to pay the costs of the special master and court reporter for the hearing in the total sum of $1,269.80. We also order Russell to remit the sum of $5,300 to James Tree and Crane Service, Inc., and Roger Williams. Further, so that another certified court reporter can be appointed to complete the records, we direct Russell to deliver to the clerk of this court all items in her possession necessary to complete the records in *Fought* and *Fulmer*, including but not limited to all audio tapes, electronic recordings, and physical exhibits proffered or received in evidence. Russell is ordered to make this delivery to our clerk on or before Monday, April 20, 2015, and she is ordered to include a typewritten inventory of all items delivered to the clerk. This court suspends imposition of the ten-day jail sentence upon Russell's payment of the $500 fine and the mandated delivery of the materials to our clerk by April 20, 2015. Finally, we direct our clerk to forward a copy of this opinion to the Board of Certified Court Reporter Examiners.

Contempt citation issued.

DANIELSON, J., not participating.