SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-14-585

| | |
|---|---|
| JAMES TREE AND CRANE SERVICE, INC., AND ROGER WILLIAMS<br><div align="right">APPELLANTS</div> | **Opinion Delivered** June 4, 2015<br><br>PETITION FOR RELIEF |
| V. | |
| TERRI FOUGHT<br><div align="right">APPELLEE</div> | <u>REMANDED TO SPECIAL MASTER</u>. |

**PER CURIAM**

Once again, this court must address issues arising from the failure of court reporter Sheila Russell to timely prepare the record in the above-captioned case. Previously, we appointed the Honorable John Mauzy Pittman as special master to preside over contempt proceedings regarding whether Russell had willfully failed to comply with this court's writs of certiorari to complete the record in both this case and another appeal. *James Tree & Crane Serv., Inc. v. Fought*, 2015 Ark. 48 (per curiam). In a per curiam order dated April 9, 2015, this court accepted the special master's finding of contempt. *James Tree & Crane Serv. v. Fought*, 2015 Ark. 158 (per curiam). In that order, we sentenced Russell to a term of ten days in jail and imposed a fine of $500. This court also ordered Russell to deliver to the clerk of this court all items in her possession necessary to complete the records, "including but not limited to all audio tapes, electronic recordings, and physical exhibits proffered or received in evidence." *Id.*, 2015 Ark. 158, at 3. We suspended imposition of the ten-day jail sentence

SLIP OPINION

upon Russell's payment of the fine and the delivery of the materials to our clerk by April 20, 2015. In addition, we ordered Russell to remit the sum of $5,300 to appellants and to pay $1,269.80 for the costs of the special master and court reporter.

Now before us is appellants' current petition for relief. Appellants assert that Russell has not paid $5,300 to them or $1,269.80 to our clerk, as ordered. They also allege that, while Russell delivered some documents and electronic recordings to our clerk on the appointed date, those items did not include any materials pertaining to this case.

In response to the petition, we remand this matter to the special master to determine whether Russell has complied with our latest per curiam order. If the special master finds that Russell did not comply with our order, the special master is to assess whether Russell's actions were willful or not willful and, if willful, to specify a reasonable time frame for Russell to fully comply with each directive contained our order.

It is so ordered.

DANIELSON, J., not participating.