Cite as 2024 Ark. App. 131

# ARKANSAS COURT OF APPEALS

No. CR-23-191

| | | |
|---|---|---|
| | | Opinion Delivered February 21, 2024 |
| GENE JACKSON | APPELLANT | UPON RETURN OF SPECIAL MASTER'S FINDINGS OF FACT |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | CONTEMPT CITATION AND SANCTION ISSUED |

**PER CURIAM**

Court reporter Sharon L. Fields failed to timely prepare the record in this case as set forth in our November 1, 2023, per curiam order. *Jackson v. State*, 2023 Ark. App. 505. In that order, we found that Gene Jackson had sought, and this court had issued, a writ of certiorari to complete the record and three extensions of the writ. We granted a fourth extension in the November 1 order. We also found that Fields had repeatedly failed to comply with the writ of certiorari, and we ordered her to appear before us on December 5 to show cause why she should not be held in contempt. Fields appeared, with counsel, and entered a plea of not guilty.

Accordingly, we appointed the Honorable Phillip Whiteaker (retired) as special master to conduct a hearing, make findings of fact, and file them with our clerk. *Jackson v. State*, 2023 Ark. App. 602 (per curiam). We directed the special master to inquire into the

status of the record preparation in *Jackson* and any other appeals in which Fields had not completed the record in a timely fashion. We asked the special master to make findings as to the degree to which Fields had completed the records over which she currently has responsibility; whether she could be expected to complete the records in a reasonable time or whether it might be necessary for another certified court reporter to assume the task of completing the records; and whether Fields was in possession of any unearned fees should the special master find that Fields could not complete the records within a reasonable time. Finally, we asked the special master to include any additional findings he deemed relevant to the contempt issue.

On February 2, 2024, the special master held a hearing at which Fields testified on her own behalf, and on February 5, he filed his findings of fact with our clerk. The special master noted that Fields described her duties as an official court reporter and found that they were common and not unique to Fields. The special master recognized that Fields had assumed additional administrative duties during the COVID-19 pandemic that impeded her ability to meet the demands of her usual transcription duties, that she had been unable to resolve the situation despite her efforts to do so, and that she had eventually resigned from her position as an official court reporter for the Benton County Circuit Court effective January 24, 2024, in a final effort to remedy the situation. Although the special master found that some of the circumstances of her employment were unique, he concluded that these circumstances did not justify Fields's failure to comply with the directives of this court and that her failure to comply with the court's orders was contrary to her duties as an official

2

court reporter. According to the special master, Fields has no unearned fees. The special master found that because of her recent retirement, Fields would be able to comply with the orders from this court. He also found that Fields has both genuine remorse for her failure to comply with this court's directives and respect for the court of appeals and the judiciary, and he asked this court to consider these findings in our decision whether to hold Fields in contempt of court.

We accept the findings of the special master. We also hold Fields in contempt of this court for willfully failing to prepare the transcript in a timely manner and in accordance with the directives of this court. In holding Fields in contempt, we note that she may be punished by incarceration, imposition of a fine, or both. *James Tree & Crane Serv., Inc. v. Fought*, 2015 Ark. 158 (per curiam). In this case, we impose a fine of $3,000, due on or before March 13, 2024, as a sanction. In addition, we order Fields to pay the costs of the special master and the court reporter for the hearing in the total sum of $1,695.40, payment for which is also due on or before March 13, 2024.

We have considered the special master's credibility findings regarding Fields's remorse for her inaction and her respect for the judiciary and this court; however, Fields's willful conduct caused Jackson's criminal appeal to languish in our court for over six months without a record to proceed, and that is after she had seven months in the circuit court to complete the transcript. This is an unacceptable delay and prejudices the administration of justice. Therefore, we immediately remove Sharon Fields as court reporter from all appeals that are docketed in the Arkansas Court of Appeals as of today, February 21, 2024. We direct

3

Fields to deliver to Circuit Judge Brad Karren all record-related items and information she possesses that may be needed to complete the records in these cases. This includes, but is not limited to, all audio tapes, all electronic recordings, and all physical exhibits either proffered or received as evidence in these cases. We direct Fields to deliver this material to Judge Karren by the end of business on March 6, 2024. All transcription-preparation work and evidence-management issues will be reassigned by the Administrative Office of the Courts to one or more certified court reporters as soon as possible.

We direct Judge Karren to communicate to this court's clerk whether Fields has timely identified and delivered all relevant materials and information to the circuit court as set forth herein. Our clerk will ensure that Judge Karren's communication is noted of record and that counsel of record is notified.

If Fields timely provides all relevant materials and information to Judge Karren as set forth above and this court's clerk receives Judge Karren's satisfactory report by the end of business on March 8, 2024, the $3,000 sanction for contempt will be purged. Finally, we direct our clerk to forward a copy of this opinion to the Board of Certified Court Reporter Examiners.

Contempt citation and sanction issued.

It is so ordered.